**TERMINAL TRANSPORT CO., Inc. v. BUTLER.**

No. 12876.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1949.

A. Walton Nall, Atlanta, Ga., for appellant.

Hamilton Douglas, Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

HOLMES, Circuit Judge.

Originally brought by appellee in the state court to recover for the wrongful death of her small son, about four-and-a-half years old, who was struck and killed by a truck and trailer owned and operated by the appellant, this action was removed to the federal court on the ground of diversity of citizenship. The sole question for decision on this appeal is whether there was substantial evidence to support the verdict.

The facts are these: Appellant's truck was proceeding, westerly, in the city of Atlanta, Georgia, on a residential street wherein children were known to be in the habit of playing. The truck was running about twenty miles per hour when, suddenly, immediately before the accident, the driver noticed the top of the child's head in front of his truck; he applied his brakes at once, but it was too late. He had run over the child, and the front wheel of his truck was resting on the right side of the child's neck and shoulder. The driver ran from the scene without getting the truck off of the child. The parents of the child were notified of the accident and, on their reaching the scene, the father backed the truck from off the child, and rushed it to a

hospital. When they got to the hospital, the doctor told them that the child was dead.

The driver testified that he had traveled this street many times before, and had always seen children playing in the street. On this particular occasion, however, he testified that he did not see any children anywhere on the street until just before he hit this child. His helper stated that he saw two children playing on the left side of the street immediately after they turned the corner into it, but that he did not see them after that. There was considerable dispute on the trial as to which side of the street the child came from when it was struck by the truck. Appellee first alleged in her complaint that the child ran across the street in a southerly direction, which would mean that it came from the driver's right; but, later, appellee was allowed to amend the complaint so as to read that the child ran across the street in a northerly direction, which indicated that it came from the driver's left. There were witnesses who testified that they saw the child on each side of the street. The helper was not able to identify the deceased child as being one of the two children he had seen on the street before the accident. There was a skid mark fourteen feet and two inches long where the left rear wheel slid before the right front wheel came to a stop on the child's neck. The driver admitted that he was going at the rate of about twenty miles an hour when he struck the child. The truck was being driven on the left side of the street, and its right front wheel, which was resting on the child, was right in the middle of the street. The testimony as to whether there were other cars parked along the street was contradictory, but the weight of the testimony was to the effect that there were no other cars parked in the immediate vicinity of the accident. A police officer testified that such a long skid mark as was made by the left rear wheel, with no such mark made by the other wheels, indicated that the brakes were defective and needed adjusting. Appellant did not attempt to contradict this testimony.

From the foregoing facts, it is evident that a jury question was presented, and that the court below did not err in refusing to direct a verdict in favor of the appellant. No one saw the truck hit the child. The driver got a glimpse of the child's head just before the impact. The evidence was of such a nature that reasonable minds might differ on the issue of negligence. It was for the jury to decide whether or not the driver could have seen this child if he had been exercising due care. It was also a jury question as to whether the driver was negligent in driving over this city street at a speed of twenty miles per hour when he knew that usually there were a great many children playing in the street in that vicinity. The jury was warranted in finding that the appellant was negligent in operating a truck with defective brakes. The appellee charged the appellant with negligence in failing to keep a proper lookout for children who might be playing in the street or crossing the street at the time and place of the accident. Negligence might have been inferred from the testimony of the driver that he did not see any children at all, as compared with the testimony of his helper sitting in the truck beside him that he did see some children on the left-hand side of the street immediately after they turned the corner into it. If the helper could see the children, it was not unreasonable for the jury to find that the driver should have seen them. The child was too young to be guilty of contributory negligence.

The verdict is fully supported by substantial evidence, and the judgment appealed from is

Affirmed.

HUTCHESON, Circuit Judge (dissenting).

While I agree with the statement in the majority opinion as to the general effect of the evidence, except the statement, "the truck was being driven on the left side of the street", I cannot agree that it amounts to more than that a small child was struck by a truck going not over 20 miles an hour.

This being so, I cannot agree that there was substantial evidence on which a verdict of negligence could be based. If the decision in this case is right, then it is the law that evidence, that a person driving a car, at the moderate rate of 20 miles per hour through a residential neighborhood where there are children, struck and injured a small child, makes out a case for the jury.

As to the statement in the opinion that the truck was being driven on the left side of the street, I can find no evidence to support it. It is true that a witness testified that when he saw the child lying in the street, its head was on about the center line of it, and the right front wheel of the truck was lying on the face and neck, but this is not evidence that the truck was being driven on the left hand side of the street. It is merely evidence that after the application of the brakes with the consequent skid, the truck wound up in the position testified to. This is completely explained by the testimony of Lloyd Rowell, a city officer, that the left rear wheel had skidded approximately 14 feet, 2 inches.

That the truck was not being driven on its left or wrong side of the street was made even clearer by the fact that the plaintiff does not allege this as an act of negligence nor claim it as one in its brief.

Weighing in plaintiff's favor every bit of the evidence, it proves no more than that, while a truck was being driven at a very moderate rate of speed down a residential street, a small child which had somehow gotten out into the street was run over and killed.

Regrettable as the accident was, there is, in my opinion, no basis for a verdict except surmise and conjecture. As to the testimony that the uneven skid marks showed that the brakes were defective, it seems quite clear this did not show that they were, since stopping the car at 14 feet, under all the evidence, was a remarkably quick stop. In addition, there is no evidence tending to show that the fact that the brakes were not catching evenly was, or could in any way have been, the proximate cause of the injury.

I think the judgment should be reversed for failure to grant defendant's motion for a directed verdict. I dissent from the judgment of affirmance.